Filed 5/28/25  P. v. Elder CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>COREY JEROME ELDER,<br><br>    Defendant and Appellant. | A169926<br><br><br>(Solano County Super. Ct. No. FCR200854) |

### MEMORANDUM OPINION[1]

Corey Jerome Elder appeals from an order denying his motion requesting relief under the California Racial Justice Act of 2020 (the Act; Pen. Code, § 745).[2]  He argues that the trial court erred by denying his motion without appointing counsel or addressing his related discovery request.  We conclude the challenged order is not appealable and dismiss Elder's appeal.

### A.

In 2005, a jury convicted Elder of one felony count of driving the wrong way on a divided highway (Veh. Code, § 21651, subd. (c)); one felony count of evading an officer causing serious

---

[1] We resolve this appeal by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

[2] All undesignated statutory references are to the Penal Code.

1

bodily injury (Veh. Code, § 2800.3); misdemeanor simple assault (Pen. Code, § 240); and misdemeanor hit and run without injury (Veh. Code, § 20002, subd. (a)).  The jury found true an enhancement allegation that Elder inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)) during the commission of count three (driving the wrong way on a divided highway).  The trial court originally sentenced Elder to a total prison term of 46 years to life.

On direct appeal, Elder challenged two five-year sentence enhancements imposed for prior convictions (§ 667, subd. (a)(1)), and four one-year sentence enhancements imposed for prior prison terms (§ 667.5, former subd. (b), as amended by Stats. 2002, ch. 606, § 2, eff. Sept. 17, 2002).  (*People v. Elder* (Oct. 12, 2007, A112644) [nonpub. opn.].)  This Division reversed the judgment to the extent it imposed these five-year and one-year enhancement terms, remanded the case for reconsideration, but otherwise affirmed the judgment against Elder.  (*Ibid*.)  In 2008, Elder was resentenced to an aggregate prison term of 43 years to life.

More than 15 years later, after passage of the Act in 2020, Elder (representing himself) filed, without service on the People, a "[m]otion for [r]elief [d]ue to [d]iscrimination," under section 745, subdivision (a), and a "motion for discovery pursuant to the [Act]" in the superior court.  Elder's discovery motion sought statistical information regarding charging, conviction, and sentencing decisions broken down by race and ethnicity.  The trial court denied Elder's motion for relief from discrimination, stating simply that he "failed to state a prima facia [*sic*] case for the relief sought."

## B.

After Elder's appointed counsel filed his opening brief on appeal, the People filed a motion to dismiss arguing that the appeal was taken from an order that was not appealable.  Elder

2

insists the challenged order is appealable as an "order made after judgment, *affecting the substantial rights* of the party." (§ 1237, subd. (b), italics added.) Although we initially deferred ruling on the motion to dismiss, we now conclude that the People are correct that the challenged order is not appealable. (See *People v. Hodge* (2024) 107 Cal.App.5th 985, 999-1000 (*Hodge*); *People v. Serrano* (2024) 106 Cal.App.5th 276, 283, 292-293 (*Serrano*), review granted Jan. 15, 2025, S288202; *In re Montgomery* (2024) 104 Cal.App.5th 1062, 1067, 1072 (*Montgomery*), review granted Dec. 11, 2024, S287339.)

The Act seeks "to eliminate racial bias from California's criminal justice system." (Stats. 2020, ch. 317, § 2(i).) To that end, it "precludes the state from seeking or obtaining a criminal conviction or sentence on the basis of race, ethnicity, or national origin." (*Hodge, supra,* 107 Cal.App.5th at p. 999; accord, § 745, subd. (a).) A defendant subject to an ongoing criminal prosecution may bring a claim under the Act via motion. But a defendant (like Elder) whose judgment is already final is permitted to bring a claim only by petition for writ of habeas corpus if still incarcerated, or by a motion to vacate conviction if the defendant is no longer in custody. (§ 745, subds. (b)-(c), (e), (j); §§ 1473, subd. (e), 1473.7, subd. (a)(3); *Hodge,* at pp. 999-1000; *Serrano, supra,* 106 Cal.App.5th at pp. 292–293; *Montgomery, supra*, 104 Cal.App.5th at pp. 1070, 1072.)

Several of the bases for alleging a violation of the Act may require a petitioner to obtain information held by prosecuting agencies. (See § 745, subds. (a)(3)-(a)(4).) Accordingly, one court of appeal has held that "eligible defendants may seek postjudgment discovery under section 745, subdivision (d) in anticipation of filing a habeas corpus petition" under the Act.[3]

---

[3] Section 745, subdivision (d), provides: "A defendant may file a motion requesting disclosure to the defense of all evidence

(*Serrano, supra*, 106 Cal.App.5th at p. 291; see Stats. 2020, ch. 317, § 2(j) ["[i]t is the . . . intent of the Legislature to ensure that individuals have access to all relevant evidence, including statistical evidence, regarding potential discrimination in seeking or obtaining convictions or imposing sentences"]; but see *Montgomery, supra*, 104 Cal.App.5th at p. 1071 ["the RJA does not authorize a freestanding motion for discovery"].)

Because Elder's judgment is long since final and he remains in custody, a motion for postjudgment relief from discrimination was not appropriate; he could seek review under the Act only by filing a petition for writ of habeas corpus. (§ 745, subd. (j); *Hodge, supra,* 107 Cal.App.5th at p. 1000.) At least until our Supreme Court resolves the conflict, we assume (without deciding) that the *Serrano* court correctly concluded courts have jurisdiction to act on freestanding postjudgment motions for discovery under the Act. (See § 745, subd. (d); *Serrano, supra*, 106 Cal.App.5th at p. 291.) Thus, the trial court may have erred in this case to the extent it did not separately consider Elder's discovery motion. Nonetheless, the trial court's implicit denial of Elder's discovery motion is not appealable. As an interlocutory order, it is challengeable only by petition for writ of mandate. (*Serrano,* at pp. 292-293.)

The trial court otherwise lacked jurisdiction to grant relief under the Act via motion. (§ 745, subd. (j); *Hodge, supra,* 107 Cal.App.5th at p. 1000.) Accordingly, the order denying Elder's motion is not appealable pursuant to section 1237, subdivision (b). (*Hodge,* at p. 1000.) Even if the trial court treated Elder's motion for relief under the Act as a petition for writ of habeas corpus, the trial court's ruling denying such relief would still not be appealable. (*Id.* at p. 1000, fn. 5; *Montgomery, supra*, 104 Cal.App.5th at pp. 1067, 1072.) "A defendant may not appeal a

_____

relevant to a *potential* violation of subdivision (a) in the possession or control of the state." (Italics added.)

4

trial court's denial of a habeas corpus petition, but may seek review only through a subsequent habeas corpus petition filed in a reviewing court." (*Hodge,* at p. 1000, fn. 5.)

We dismiss Elder's appeal without prejudice to the filing of a petition for habeas corpus or other appropriate relief under the Act.

## DISPOSITION

The appeal is dismissed.

BURNS, J.

WE CONCUR:


SIMONS, ACTING P. J.
CHOU, J.

*People v. Elder (A169926)*

5